UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JOSH GREGORY TAYLOR,<br>    Defendant. | CRIMINAL NO. 5:19-192-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \* \* \* \*

Defendant Josh Gregory Taylor is charged with two counts of distributing fentanyl in violation of 21 U.S.C. § 841(a)(1). He is currently in custody at Grayson County Detention Center pending trial. He moves (DE 25) the Court to revoke his detention order.

At his initial appearance, the government moved that he be detained pending trial. Under the Bail Reform Act of 1984 (BRA), 18 U.S.C. § 3141 *et seq.*, the Court must order an accused's pretrial release unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Under the act, however, there is a presumption in favor of detention when there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). A grand jury indictment charging such an offense triggers this presumption. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). There is no dispute that the presumption applies in this case.

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *Id.* The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id*. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*

Where the presumption does not apply, detention is appropriate if the government proves by a preponderance of the evidence that the defendant is a flight risk or if it proves by clear and convincing evidence that the defendant poses a danger to the public or any person. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a controlled substance; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

The magistrate judge conducted a detention hearing and determined that Taylor had rebutted the presumption that he posed a flight risk. Nevertheless, the magistrate concluded that the government had proved by a preponderance of the evidence that Taylor posed a flight risk. As to whether Taylor poses a danger to the community, the magistrate judge concluded that he had not presented sufficient evidence to overcome the presumption that he poses such a danger. The magistrate judge further determined that, even if the presumption did not apply, the government had proved by clear and convincing evidence that Taylor is a danger to the community.

In addition, the magistrate judge considered defense counsel's argument that Taylor should not

be detained because of the risk of contracting the novel coronavirus, COVID-19, while in detention. The magistrate judge first noted that the BRA directs courts to consider flight risk and danger when determining whether to detain a defendant pretrial. It does not provide for a consideration of the medical risks to the inmate if he is detained. The magistrate judge went on to determine, however, that, even if the court could consider such risks, Taylor had presented no evidence that he is at a higher risk for contracting COVID-19 than other individuals. Nor had he demonstrated that detention centers were incapable of taking recommended measures to protect detainees from infection and to treat inmates who should become infected.

Accordingly, the magistrate judge ordered that Taylor be detained pending trial. Taylor now asks this Court to review that order pursuant to 18 U.S.C. § 3145(b).

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not specifically require that this Court conduct an additional hearing, and, in his motion, Taylor does not rely on or explain any additional evidence that he would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v. Watkins* , No. 13-02-KSF, 2013 WL 614252, at * 4 (E.D. Ky. 2013); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the record presented to the magistrate judge: an audio recording of the detention hearing and the Pretrial Services Report.

Taylor does not submit any evidence or argument challenging the magistrate judge's determination that the government has adequately proved that he is a danger to the community and

a flight risk. The Court has reviewed the evidence presented at the hearing and the Pretrial Services Report and agrees that the preponderance of the evidence shows that Taylor is a flight risk and the evidence is clear and convincing that he poses a danger to the community. Again, Taylor does not dispute these findings.

Taylor's motion to revoke the magistrate judge's detention order relies solely on the circumstances created by COVID-19. Taylor states his motion to revoke the detention order is made in response to the "current outbreak of COVID-19 that is occurring at the Grayson County Detention Center." (DE 25, Motion at 1.) He argues that, because of the outbreak, Grayson County is not allowing inmates to access the law library to research and review discovery in their pending cases. Taylor's counsel states that he sent Taylor discovery "months ago," but Taylor has not been able to view it on his own. Taylor also argues that, since his incarceration at Grayson County, he has been treated for high blood pressure, which he argues puts him at greater risk of infection by the virus.

Under the BRA, however, in determining whether a defendant should be detained pending trial, the Court is limited to considering his danger to the community and the risk of him fleeing. Nothing about the COVID-19 pandemic makes Taylor's release any less of a danger to the community or lessens the risk that he will flee. Further, Taylor presents no evidence that Grayson County is incapable of implementing measures to lessen the dangers of COVID-19 at the jail or that it is not able to provide him adequate medical care. He does not allege that he has the virus, has been directly exposed to it, or that he is not receiving appropriate medical care.

As to Taylor's argument that he is unable to perform legal research on his own due to restrictions caused by COVID-19, a criminal defendant has the right to retained counsel or to appointed counsel if he is indigent. *Gideon v. Wainwright*, 372 U.S. 335, 342–45 (1963). The

Court has appointed counsel to represent Taylor. Thus, Taylor has no need to do his own legal research, nor is the Court obligated to ensure that he is able to conduct such research. *See United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) ("The offer of court-appointed counsel to represent a defendant satisfied the constitutional obligation of a state to provide a defendant with legal assistance under the Sixth and Fourteenth Amendments."); *United States v. Cooper*, 375 F.3d 1041, 1051–52 (10th Cir.2004) ("It is well established that provision of legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library.")

Taylor complains that he has not been able to review discovery "independently." It appears that he has been able to review discovery with his lawyer during video conferencing sessions. Taylor does not explain why it is necessary to his defense that he review discovery without his lawyer present or why reviewing discovery via video conferencing is inadequate.

For all these reasons, Taylor's motion to revoke his detention order (DE 25) is DENIED.

Dated June 24, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

5